Larry W. Lee (State Bar No. 228175)
lwlee@diversitylaw.com
Nicholas Rosenthal (State Bar No. 268297)
nrosenthal@diversitylaw.com
**DIVERSITY LAW GROUP, P.C.**
550 South Hope Street, Suite 2655
Los Angeles, CA  90071
Phone:  (213) 488-6555
Fax:     (213) 488-6554

Attorneys for PLAINTIFF and the CLASS
(Additional Counsel on Next Page)

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION

| | |
|---|---|
| MATTHEW McKINLEY, as an individual, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>SOUTHWEST AIRLINES CO., a Texas corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 8:15-cv-00283-DOC-JCG<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT FOR:**<br><br>**(1) VIOLATION OF CAL. LABOR CODE §§ 510 AND 1194;**<br><br>**(2) VIOLATION OF CAL. LABOR CODE § 226;**<br><br>**(3) VIOLATION OF CAL. LABOR CODE § 2698, *ET SEQ.*; AND**<br><br>**(4) VIOLATION OF CAL. BUSINESS AND PROFESSIONS CODE § 17200, *ET SEQ.***<br><br>**JURY TRIAL DEMANDED**<br>**CLASS ACTION** |

1

PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES

1  Dennis S. Hyun (State Bar No. 224240)
   dhyun@hyunlegal.com
2  **HYUN LEGAL, APC**
3  550 South Hope Street, Suite 2655
   Los Angeles, CA  90071
4  Phone:  (213) 488-6555
5  Fax:     (213) 488-6554

6  Edward W. Choi, Esq. SBN 211334
7  edward.choi@calaw.biz
   **LAW OFFICES OF CHOI & ASSOCIATES, P.C.**
8  3435 Wilshire Boulevard, Suite 2400
9  Los Angeles, CA 90010-2006
   Telephone: (213) 381-1515
10 Facsimile: (213) 233-4409

11 Attorneys for PLAINTIFF and the CLASS

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES

# FIRST AMENDED COMPLAINT

Plaintiff Matthew McKinley, on behalf of himself and all others similarly situated (collectively, "Plaintiff") complains against Defendant Southwest Airlines Co. ("Southwest," or the "Company") and Does 1 through 10 (collectively, "Defendants") and demands a jury trial of all issues and claims asserted herein as follows:

## NATURE OF THE ACTION

1. Defendant operates an international airline, which is headquartered in Dallas, Texas. Defendant employs individuals throughout the State of California and nationwide, including numerous non-exempt employees.

2. Plaintiff is informed and believes, and based thereon alleges that Defendant's policy and practice in the State of California and nationwide is to incorrectly calculate the regular rate of pay used to pay overtime to all non-exempt employees by failing to include all remuneration earned by the employees, including non-discretionary awards and/or bonuses and shift differential pay. Thus, Defendant owes Plaintiff and Class Members additional overtime pay based on the correct, higher regular rate of pay.

3. Defendant's deliberate failure to pay Plaintiff and Class Members overtime based on the correct regular rate of pay violates the laws of the states of California, including California Labor Code §§ 510 and 1194.

4. Plaintiff brings a California statewide class action pursuant to FRCP 23 arising from Defendant's violations of the laws of the State of California, including without limitation, Labor Code §§ 226, 510, and 1194, as well as California Business & Professions Code § 17200, *et seq.*

## JURISDICTION AND VENUE

5. This Court has original jurisdiction for all state law claims asserted under California law pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332, in that the estimated damages involved in those claims will exceed $5,000,000 and the parties to this action are residents of different states.

6. The United States District Court for the Central District of California has personal jurisdiction because Defendant conducts business within this District.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), inasmuch as Defendant has offices, conducts business and can be found in the District, and the causes of action set forth herein have arisen and occurred in part in the District. Venue is further proper under 29 U.S.C. § 1132(e)(2) because Defendant has substantial business contacts within the State of California.

**PARTIES**

8. Plaintiff and Class Members were and/or are employed by Defendant as non-exempt, hourly employees in the State of California and throughout the United States. At all pertinent times alleged herein, Plaintiff was and is a competent adult resident of the State of California. Plaintiff was employed by Defendant in the State of California and his last hourly rate of pay was $10.28. On or about February 4, 2015, Plaintiff's employment with Defendant ended.

9. Defendant is a Texas corporation with its headquarters located in Dallas, Texas. Defendant is, and at all relevant times was, the employer of all Plaintiffs and Class Members. Defendant does business in this judicial district and nationwide.

10. Plaintiff does not know the true names or capacities, whether individual, partner or corporate, of the Defendants sued herein as Does 1 through 10, inclusive, and for that reason, said Defendants are sued under such fictitious names, and Plaintiff prays for leave to amend this First Amended Complaint ("Complaint") when the true names and capacities are known. Plaintiff is informed and believes, and based thereon alleges that each of said fictitious Defendants was responsible in some way for the matters alleged herein and proximately caused Plaintiff and Class Members to be subject to the illegal employment practices, wrongs and injuries complained of herein.

11. At all times herein mentioned, each of said Defendants participated in the doing of the acts hereinafter alleged to have been done by the named Defendants; and furthermore, the Defendants, and each of them, were the agents, servants and employees

of each of the other Defendants, as well as the agents of all Defendants, and at all times herein mentioned, were acting within the course and scope of said agency and employment.

12. Plaintiff is informed and believes, and based thereon alleges that at all times material hereto, each of the Defendants named herein was the agent, employee, alter ego and/or joint venturer of, or working in concert with each of the other co-Defendants and was acting within the course and scope of such agency, employment, joint venture, or concerted activity. To the extent said acts, conduct, and omissions were perpetrated by certain Defendants, each of the remaining Defendants confirmed and ratified said acts, conduct, and omissions of the acting Defendants.

13. At all times herein mentioned, Defendants, and each of them, were members of, and engaged in, a joint venture, partnership and common enterprise, and acting within the course and scope of, and in pursuance of, said joint venture, partnership and common enterprise.

14. At all times herein mentioned, the acts and omissions of various Defendants, and each of them, concurred and contributed to the various acts and omissions of each and all of the other Defendants in proximately causing the injuries and damages as herein alleged. At all times herein mentioned, Defendants, and each of them, ratified each and every act or omission complained of herein. At all times herein mentioned, Defendants, and each of them, aided and abetted the acts and omissions of each and all of the other Defendants in proximately causing the damages as herein alleged.

## **FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS**

15. As Defendant's non-exempt employees, Plaintiff and Class Members were and are entitled to overtime pay at a rate of no less than one and one-half times their regular rate of pay for any work in excess of 40 hours in a workweek and/or 8 hours in a day.

16. During the relevant time period, Plaintiff and Class Members during certain weeks, worked in excess of 8 hours in a day and/or 40 hours per workweek (7-day work period). As such, Plaintiff and Class Members were entitled to overtime pay.

17. Also, during the relevant time period, Defendant failed to properly calculate the correct regular rate of pay for purposes of paying overtime. Specifically, Defendant did not calculate and/or factor all remuneration earned by Plaintiff and Class Members in their regular rate of pay, including non-discretionary incentive pay and shift differential pay into the regular rate of pay for purposes of calculating overtime pay. As such, Defendant owes Plaintiff and Class Members additional overtime pay based on a calculation using the correct, higher regular rate of pay.

18. As a proximate result of Defendant's wrongful acts, Plaintiff and Class Members have suffered damages, including without limitation, unpaid overtime. Further, Plaintiff and Class Members are also entitled to their attorneys' fees and costs pursuant to California Labor Code Sections 218.5, 510, 1194, and 2699.

## CLASS ACTION ALLEGATIONS

19. **Class Definition**: The Named Plaintiff brings this lawsuit as a class action pursuant to Federal Rule of Civil Procedure 23(b)(3), on behalf of himself and the following class of persons:

   a. All current and former non-exempt employees of Defendant who worked at any time for Defendant in California during the period of time from February 18, 2011, through the present, who received overtime pay and shift-differential pay and/or non-discretionary incentive pay ("REGULAR RATE CLASS"); and

   b. All current and former non-exempt employees of Defendant who worked for Defendant in California at any time during the period of time from February 18, 2014, through the present, who received overtime pay and shift-differential pay and/or non-discretionary incentive pay ("WAGE STATEMENT SUB-CLASS").

20. The Class Period is defined as the period from four years prior to the filing of this Complaint to the time of trial for the REGULAR RATE CLASS and from one year prior to the filing of this Complaint to the time of trial for the WAGE STATEMENT SUB-CLASS.

21. The California state law claims, if certified for class-wide treatment, may be pursued by all similarly situated persons who do not opt-out of the Class.

22. **Numerosity and Ascertainability**: The members of the Class are so numerous that joinder of all members would be impractical, if not impossible. The identity of the members of the Class is readily ascertainable by review of Defendant's records, including payroll records. Plaintiff is informed and believes, and based thereon alleges, that Defendant: (a) failed to provide proper payroll records in violation of Labor Code § 226; (b) failed to correctly calculate the regular rate of pay by not including all remuneration in the regular rate, including shift differential pay and non-discretionary incentive pay; (c) failed to pay overtime based on the correct rate of pay; and (d) engaged in Unfair Business Practices in violation of the UCL, the California Labor Code, including without limitation, California Labor Code §§ 226, 510, and 1194, and the applicable IWC Wage Orders.

23. **Adequacy of Representation**: The named Plaintiff is fully prepared to take all necessary steps to represent fairly and adequately the interests of the class defined above. Plaintiff's attorneys are ready, willing and able to fully and adequately represent the class and individual Plaintiff. Plaintiff's attorneys have prosecuted and settled wage-and-hour class actions in the past and currently have a number of wage-and-hour class actions pending in California and federal courts.

24. **Common Question of Law and Fact**: There are predominant common questions of law and fact and a community of interest amongst Plaintiff and the claims of the Class concerning Defendant: (a) failing to provide proper payroll records in violation of Labor Code § 226 for Plaintiff and the Class; (b) failing to correctly calculate the regular rate of pay by not including all remuneration in the regular rate, including shift

1  differential pay and non-discretionary incentive pay; (c) failing to pay overtime based on
2  the correct rate of pay in violation of Labor Code §§ 510 and 1194; and (d) engaging in
3  Unfair Business Practices in violation of the UCL, all in violation of the California Labor
4  Code and applicable IWC Wage Orders.

5       25.    **Typicality**: Plaintiff's claims are typical of the claims of all members of the
6  Class in that Plaintiff has suffered the harm alleged in this Complaint in a similar and
7  typical manner as the Class Members.  Plaintiff was not provided proper and accurate
8  payroll records identifying his correct rate of pay because Defendant did not correctly
9  calculate his rate of pay.  Defendant did not calculate and/or factor all remuneration into
10 Plaintiff's regular of pay, including shift differential and non-discretionary incentive pay
11 into Plaintiff's regular rate of pay for purposes of calculating overtime pay, and as such,
12 owes Plaintiff additional overtime pay.  Thus, Plaintiff is a member of the Class and has
13 suffered the alleged violations of California Labor Code §§ 226, 510, and 1194, and the
14 applicable IWC Wage Orders.

15      26.    The California Labor Code and upon which Plaintiff bases his claims is
16 broadly remedial in nature.  These laws and labor standards serve an important public
17 interest in establishing minimum working conditions and standards in California.  These
18 laws and labor standards protect the average working employee from exploitation by
19 employers who may seek to take advantage of superior economic and bargaining power
20 in setting onerous terms and conditions of employment.

21      27.    **Superiority:**  The nature of this action and the format of laws available to
22 Plaintiff and members of the Class identified herein make the class action format a
23 particularly efficient and appropriate procedure to redress the wrongs alleged herein.  If
24 each employee were required to file an individual lawsuit, the corporate Defendant would
25 necessarily gain an unconscionable advantage since it would be able to exploit and
26 overwhelm the limited resources of each individual Plaintiff with their vastly superior
27 financial and legal resources.  Requiring each Class member to pursue an individual
28 remedy would also discourage the assertion of lawful claims by employees who would be

1 disinclined to file an action against their former and/or current employer for real and
2 justifiable fear of retaliation and permanent damage to their careers at subsequent
3 employment.

4     28.    The prosecution of separate actions by the individual Class Members, even
5 if possible, would create a substantial risk of (a) inconsistent or varying adjudications
6 with respect to individual Class Members against the Defendant and which would
7 establish potentially incompatible standards of conduct for the Defendant, and/or (b)
8 adjudications with respect to individual Class Members which would, as a practical
9 matter, be dispositive of the interest of the other Class Members not parties to the
10 adjudications or which would substantially impair or impede the ability of the Class
11 Members to protect their interests.  Further, the claims of the individual members of the
12 Class are not sufficiently large to warrant vigorous individual prosecution considering all
13 of the concomitant costs and expenses.

14     29.    Such a pattern, practice and uniform administration of corporate policy
15 regarding illegal employee compensation described herein is unlawful and creates an
16 entitlement to recovery by the Plaintiff and the Class identified herein, in a civil action,
17 for unpaid overtime, unpaid reimbursements, including interest thereon, applicable
18 penalties, reasonable attorneys' fees, and costs of suit according to the mandate of
19 California Labor Code §§ 218.5, 226, 510, and 1194, and the applicable IWC Wage
20 Orders.

21     30.    Proof of a common business practice or factual pattern, which the named
22 Plaintiff experienced and is representative of, will establish the right of each of the
23 members of the Class to recovery on the causes of action alleged herein.

24     31.    The Class is commonly entitled to a specific fund with respect to the
25 compensation illegally and unfairly retained by Defendant.  The Class is commonly
26 entitled to restitution of those funds being improperly withheld by Defendant.  This
27 action is brought for the benefit of the entire class and will result in the creation of a
28 common fund.

# COUNTS FOR RELIEF

# FIRST CAUSE OF ACTION

## VIOLATION OF CAL. LABOR CODE §§ 510 AND 1194

## (AGAINST ALL DEFENDANTS BY PLAINTIFF AND THE REGULAR RATE CLASS)

32. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 31 of this Complaint as though fully set for herein.

33. At all relevant times, Defendant was required to compensate its employees proper overtime wages for overtime hours worked pursuant to California Labor Code §§ 510 and 1194. Plaintiff and the Class were and are employed by Defendant as non-exempt employees and, thus, Plaintiff and the Class are entitled to overtime wages. During their employment with Defendant, Plaintiff and the Class worked overtime hours. Specifically, Plaintiff and the Class worked more than 8 hours in a workday and/or 40 hours in a workweek, without being paid the proper amount of overtime pay. During their employment with Defendant, including during pay periods wherein Plaintiff and the Class worked overtime, Plaintiff and the Class also earned shift differential pay and non-discretionary incentive pay. Defendant, as a corporate-wide practice and policy, did not calculate and/or factor such remuneration into the regular rate of pay for purposes of calculating revised and increased overtime pay, and as such, owes Plaintiff and the Class additional overtime pay.

34. Plaintiff is informed and believes and based thereon alleges that Defendant's policy and practice of requiring overtime work and not paying for said work according to the overtime mandates of California law is, and at all times herein mentioned was in violation of California Labor Code §§ 510 and 1194 and the IWC Wage Order(s). Defendant's employment policies and practices wrongfully and illegally failed to compensate Plaintiff the Class for overtime compensation earned as required by California law.

35. The conduct of Defendant and its agents and employees as described herein was willful and intentional and part of a corporate policy and procedure and practice.

36. Plaintiff is informed and believes and based thereon alleges that Defendant willfully failed to pay employees proper compensation for all overtime hours worked at the appropriate rate of overtime pay. Plaintiff is informed and believes and based thereon alleges that Defendant's willful failure to provide all overtime wages due and owing Defendant's employees upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due. Therefore, Plaintiff and other members of the Class who have separated from employment are entitled to compensation pursuant to Labor Code § 203.

37. Such a pattern, practice and uniform administration of corporate policy regarding illegal employee compensation as described herein is unlawful and creates an entitlement to recovery by Plaintiff and the Class in a civil action, for the unpaid balance of the full amount of overtime premiums owing, including interest thereon, penalties, attorneys' fees, and costs of suit according to the mandate of California Labor Code §§ 218.5, 510 and 1194.

## SECOND CAUSE OF ACTION

## VIOLATION OF CAL. LABOR CODE § 226

## (AGAINST ALL DEFENDANTS BY PLAINTIFF AND THE WAGE STATEMENT SUB-CLASS)

38. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 37 of this Complaint as though fully set for herein.

39. Defendant failed in its affirmative obligation to provide accurate itemized wage statements. Here, Plaintiff and the Class were paid on an hourly basis. As such, the wage statements should have reflected the number of hours worked and the applicable hourly rates, pursuant to Labor Code § 226(a)(3). However, as a result of Defendant's failure to properly calculate the overtime rate of pay, the wage statements provided to Plaintiff and the Class failed to accurately identify such information, including the

number of hours worked and the correct applicable hourly rates.

40. Such a pattern, practice and uniform administration of corporate policy as described herein is unlawful and creates an entitlement to recovery by the Plaintiff and the Class identified herein, in a civil action, for all damages of penalties pursuant to Labor Code § 226, including interest thereon, attorneys' fees, and costs of suit according to the mandate of California Labor Code § 226.

## THIRD CAUSE OF ACTION

## VIOLATION OF CAL. LABOR CODE § 2698, *ET SEQ.*

## (AGAINST ALL DEFENDANTS BY PLAINTIFF AS A PROXY ON BEHALF OF THE STATE OF CALIFORNIA)

41. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 40 of this Complaint as though fully set for herein.

42. Plaintiff brings this cause of action on behalf as a proxy for the State of California and in this capacity, seeks penalties on behalf of all Aggrieved Employees in the State of California for Defendant's violation of Labor Code §§ 226, 510, and 1194, from February 10, 2014, arising from Defendant's failure to properly calculate the regular rate of pay for purposes of paying overtime to Plaintiff and all other aggrieved employees.

43. On or about February 10, 2015, Plaintiff sent written notice to the California Labor & Workforce Development Agency (the "LWDA") of Defendant's violations of Labor Code §§ 226, 510, and 1194, pursuant to Labor Code § 2698, *et seq.*, the Private Attorney General Act (the "PAGA"). A true and correct copy of this letter is attached hereto as Exhibit "A."

44. On March 25, 2015, the LWDA has informed Plaintiff that it does not intend to investigate the violations. A true and correct copy of this letter is attached hereto as Exhibit "B." Therefore, Plaintiff may proceed on his PAGA claim and seek any and all applicable penalties under the PAGA.

45.     As such, pursuant to Labor Code § 2699(a), Plaintiff seeks recovery of any and all applicable civil penalties for Defendant's violation of Labor Code §§ 226, 510, and 1194, for the time periods described above, on behalf of himself and other Aggrieved Employees who worked for Defendant in the State of California.

**FOURTH CAUSE OF ACTION**

**VIOLATION OF CAL. BUSINESS AND PROFESSIONS**

**CODE § 17200, *ET SEQ.***

**(AGAINST ALL DEFENDANTS BY PLAINTIFF AND THE REGULAR RATE CLASS AND THE WAGE STATEMENT SUB-CLASS)**

46.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 45 of this Complaint as though fully set for herein.

47.     Defendants, and each of them, have engaged and continue to engage in unfair and unlawful business practices in California by practicing, employing and utilizing the employment practices outlined above, include, to wit, by:  (a) failing to provide proper payroll records in violation of Labor Code § 226 for Plaintiff and the Class; (b) failing to correctly calculate the regular rate of pay by not including all remuneration into the regular rate of pay for Plaintiff and Class Members, including without limitation, shift differential pay and non-discretionary incentive pay; (c) failing to pay overtime based on the correct rate of pay in violation of Labor Code §§ 510 and 1194; and (d) engaging in Unfair Business Practices in violation of the UCL, all in violation of the California Labor Code and applicable IWC Wage Orders.

48.     Defendants' utilization of such unfair and unlawful business practices constitutes unfair, unlawful competition and provides an unfair advantage over Defendants' competitors.

49.     Plaintiff seeks, on his own behalf and on behalf of other members of the Class similarly situated, full restitution of monies, as necessary and according to proof, to restore any and all monies withheld, acquired and/or converted by the Defendants by means of the unfair practices complained of herein.

13

PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES

50. Plaintiff is informed and believes, and based thereon alleges, that at all times herein mentioned Defendants have engaged in unlawful, deceptive and unfair business practices, as proscribed by California Business and Professions Code § 17200, *et seq.*, including those set forth herein above thereby depriving Plaintiff and other members of the Class the minimum working condition standards and conditions due to them under the California laws and the applicable IWC Wage Orders as specifically described therein.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff, on behalf of himself and all members of the Class which he seeks to represent, pray for relief as follows:

A. An order that the action be certified as a class action pursuant to Federal Rule of Civil Procedure 23;

B. An order that the Plaintiff be appointed class representative of the classes which he seeks to represent;

C. An order that counsel for the Plaintiff be appointed class counsel for the class; and

D. For all recoveries available under the state laws of California, including without limitation, all unpaid wages, damages, penalties, restitution, equitable relief, applicable interest, costs, and attorneys' fees as provided for by law, including as set forth in California Labor Code §§ 203, 218.5, 226, 510, 558, 1194, and 2698, *et seq.*, California Business & Professions Code § 17200, *et seq.*, and California Code of Civil Procedure § 1021.5.

Dated:  April 6, 2015                                        DIVERSITY LAW GROUP, P.C.

                                                                            By:            /s/ Larry W. Lee
                                                                                    Larry W. Lee
                                                                            Attorneys for PLAINTIFF and the CLASS

---

14

PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES

**DEMAND FOR JURY TRIAL**

Plaintiff, for himself and all class action members, hereby demands a jury trial as provided by federal laws, rules, and statutes, including without limitation, Rules 38, 39, and 81(c)(3) of the Federal Rules of Civil Procedure, and the Seventh Amendment of the U.S. Constitution.

Dated: April 6, 2015  DIVERSITY LAW GROUP, P.C.

By: /s/ Larry W. Lee
Larry W. Lee
Attorneys for PLAINTIFF and the CLASS

15
PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES

**EXHIBIT "A"**

# MATTHEW MCKINLEY

c/o DIVERSITY LAW GROUP, P.C.
550 S. HOPE STREET · SUITE 2655
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 488-6555
FACSIMILE (213) 488-6554

February 10, 2015

<u>VIA CERTIFIED MAIL, RETURN RECEIPT REQUESTED</u>

California Labor & Workforce Development Agency
Attn: PAGA Administrator
455 Golden Gate Ave., 9th Floor
San Francisco, CA 94102

    Re:   <u>Matthew McKinley v. Southwest Airlines Co.</u>

To Whom It May Concern:

    This correspondence shall constitute written notice under Labor Code § 2699.3 of my claims against my employer, Southwest Airlines Co. ("Southwest" or "Defendant"). Specifically, I allege that Southwest:

    1.   Violated Labor Code §§ 510 and 1194 for failure to pay proper overtime wages due to Southwest's failure to pay overtime wages at the accurate rate of pay.

    2.   Violated Labor Code § 226(a) by failing to identify the accurate rate of overtime pay.

    The addresses for Southwest is as follows:

    Southwest Airlines Co.
    2702 Love Field Dr., HDQ 6TX
    Dallas, TX 75235

    Please contact my attorney Larry W. Lee at the above address/phone number if you have any questions regarding this matter.

Sincerely,

Matthew McKinley

Cc: Southwest Airlines Co.

**EXHIBIT "B"**



**STATE OF CALIFORNIA**
**Labor & Workforce Development Agency**

GOVERNOR Edmund G. Brown Jr. · SECRETARY David Lanier



Agricultural Labor Relations Board · California Unemployment Insurance Appeals Board
California Workforce Investment Board · Department of Industrial Relations
Employment Development Department · Employment Training Panel · Public Employment Relations Board

March 25, 2015

**CERTIFIED MAIL**

Diversity Law Group
550 S. Hope St. Suite 2655
Los Angeles, CA 90071

RE: Employer:     Southwest Airlines Co.
RE: Employee(s): Matthew McKinley
RE: LWDA No:     19154

This is to inform you that the Labor and Workforce Development Agency (LWDA), in care of the Division of Labor Standards Enforcement (DLSE), received your notice of alleged Labor Code violations pursuant to Labor Code Section 2699, postmarked February 10, 2015, and after review, does not intend to investigate the allegations.

As a reminder to you, the provisions of Labor Code Section 2699(i) provides that "…civil penalties recovered by aggrieved employees shall be distributed as follows: 75 percent to the LWDA for enforcement of labor laws and education of employers and employees about their rights and responsibilities under this code." Labor Code Section 2699(l) specifies "The superior court shall review and approve any penalties sought as part of a proposed settlement agreement pursuant to this part."

Consequently, you must advise DLSE of the results of the litigation, and forward a copy of the court judgment or the court-approved settlement agreement. Please be certain to reference the above LWDA assigned case number in any future correspondence.

Sincerely,

Mark Woo-Sam
General Counsel

Cc:   Southwest Airlines Co.
      2702 Love Field Drive, HDQ-6TX
      Dallas, TX 75235

STATE OF CALIFORNIA
DEPARTMENT OF INDUSTRIAL RELATIONS
DIVISION OF LABOR STANDARDS ENFORCEMENT

**CERTIFICATION OF SERVICE BY MAIL**
**(C. C. P. 1013A)**

I, Belle Macaranas, do hereby certify that I am a resident or employed in the county of San Francisco. I am over 18 years of age, not a party to the within action, and that I am employed at the business address below:

DEPARTMENT OF INDUSTRIAL RELATIONS
DIVISION OF LABOR STANDARDS ENFORCEMENT
455 Golden Gate Avenue, 9th Floor
San Francisco, CA 94102

On **3/25/2015**, I served the within "Do Not Investigate" letter by placing a true copy thereof in an envelope addressed as follows:

Diversity Law Group
550 S. Hope Street, Suite 2655
Los Angeles, CA 90071
LWDA #19154

Which envelope was then sealed with postage and certified mail fees, (if applicable) fully prepaid thereon, deposited in the United States mail by

\_\_\_\_Ordinary first class mail

__X__Certified Mail

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed on 3/25/2015
at San Francisco, California.

**DLSE 544**