1  Michelle B. Abidoye, Bar No. 232782
   mabidoye@fordharrison.com
2  David L. Cheng, Bar No. 240926
   dcheng@fordharrison.com
3  FORDHARRISON, LLP
   350 South Grand Avenue, Suite 2300
4  Los Angeles, CA 90071
   Telephone: (213) 237-2400
5  Facsimile: (213) 237-2401

6  Attorneys for Defendant Southwest Airlines Co.

7  [*Additional counsel on signature page*]

8              UNITED STATES DISTRICT COURT

9     CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

10

11 MATTHEW McKINLEY, as an             CASE NO. 8:15-cv-02939-AB (JPRx)
   individual, and on behalf of all others   Judge:      Hon. André Birotte, Jr.
12 similarly situated,                  Courtroom:   4

13              Plaintiff,             **CLASS ACTION**
                                       **REPLY IN SUPPORT OF**
14        v.                           **DEFENDANT SOUTHWEST**
                                       **AIRLINES CO.'S MOTION TO**
15 SOUTHWEST AIRLINES CO., a           **DISMISS PLAINTIFF MATTHEW**
   Texas Corporation; and DOES 1       **McKINLEY'S FIRST AMENDED**
16 through 10, inclusive,              **COMPLAINT UNDER FEDERAL**
                                       **RULE OF CIVIL PROCEDURE**
17              Defendants.            **12(B)(1) AND 12(B)(6)**

18
                                       [*Supplemental Declaration of Michelle B.*
19                                     *Abidoye; Supplemental Request for*
                                       *Judicial Notice, filed concurrently*
20                                     *herewith*]

21

22

23

24                                     Date:        May 18, 2015
                                       Time:        10:00 a.m.
25                                     Courtroom:   4

26                                     **Complaint Filed: February 18, 2015**
                                       **Trial Date:      None Set**
27

28

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

WSACTIVELLP:7532095.1

REPLY ISO MOTION TO DISMISS FAC
CASE NO. 2:15-CV-02939 AB (JPRX)

# TABLE OF CONTENTS

I.   INTRODUCTION .................................................................................................. 1

II.  ARGUMENT....................................................................................................... 3

    A.   Despite Plaintiff's Argument To The Contrary, He Cannot In Good Faith Dispute That His Employment Was Covered By A Valid CBA And That He Was A Dues Paying Member..................... 3

    B.   The RLA Exemption Exempts Plaintiff from Section 510 of the California Labor Code........................................................................... 7

        1.   The RLA Exemption Applies To <u>All</u> California Overtime Claims, Not Just Wage Order Claims, Pursuant To *Collins v. Overnite Transp. Co.* ..................................................... 7

        2.   Plaintiff's Reliance on *Gerard v. Orange Coast Memorial Med. Ctr.* Is Misplaced Because It Does Not Concern Exemption For The Airline Industry Pursuant To Labor Code 515(b) ...................................................... 11

    C.   Plaintiff's Claims are Preempted by the RLA Because Calculating the Regular Rate Requires An Interpretation of the CBA to Determine Whether Bonuses Are Non-Discretionary........... 13

    D.   Plaintiff's FAC Provides Insufficient Facts Supporting His Claims With Respect to Non-Ramp Agents ......................................... 18

III. CONCLUSION ................................................................................................. 19

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

WSACTIVELLP:7532095.1

-i-

REPLY ISO MOTION TO DISMISS FAC
CASE NO. 2:15-CV-02939 AB (JPRX)

# TABLE OF AUTHORITIES

## <u>CASES</u>

*Air Line Pilots' Ass'n v. Miller*
    523 U.S. 866, 188 S. Ct. 1761, 140 L. Ed. 2d 1070 (1998) ....................... 4, 5

*Air Line Pilots' Ass'n v. UAL Corp.*
    897 F.2d 1394 (7th Cir. 1990) ........................................................... 5

*Alonzo v. Maximus, Inc.*
    832 F. Supp. 2d 1122 (C.D. Cal. 2011) ................................................ 14, 15

*Angeles v. U.S. Airways, Inc.*
    2013 WL 622032 ......................................................................... 9, 16

*Blackwell v. SkyWest Airlines*
    No. 06-0307, 2008 WL 5103195 (S.D. Cal. Dec. 3, 2008) ........................ 17

*Boise Cascade Corp. v. United States EPA*
    942 f.2d 1427 (9th Cir. 2001) ........................................................... 13

*Brinker Rest. Corp. v. Super. Ct.*
    53 Cal. 4th 1004, 139 Cal. Rptr. 3d 315 (2012) ................................. 7, 9

*Brotherhood of Railway & Steamship Clerks, Freight Handlers, Express & Station Employees, AFL-CIO v. Florida East Coast Ry. Co.*
    384 U.S. 238, 86 S. Ct. 1420, 16 L. Ed. 2d 501 (1966) ........................ 6

*Collins v. Overnite Transp. Co.*
    105 Cal. App. 4th 171, 129 Cal. Rptr. 2d 254 (2003) .................. 7, 8, 9, 10

*Consol. Rail Corp. v. Ry. Labor Executives' Ass'n*
    491 U.S. 299, 109 S. Ct. 2477, 105 L. Ed. 2d 250 (1989) ...................... 5

*Controulis v. Anheuser-Busch*
    No. 13-07378, 2013 WL 648970 (C.D. Cal. Nov. 20, 2013) .................... 16

*Cruz v. Skychefs, Inc.*
    No. 12-02705, 2012 WL 6680174 (N.D. Cal. Dec. 21, 2012) ................... 15

*Doe v. Butler Amusements, Inc.*
    No. 13-cv-03027, 2014 WL 5465599 (N.D. Cal. Oct. 27, 2014) ................ 9

*EEOC v. United Air Lines, Inc.*
    755 F.2d 94 (7th Cir. 1985) ............................................................. 6

*Firestone v. So. Ca. Gas Co.*
    219 F.3d 1063 (9th Cir. 2000) ........................................................... 17, 18

*Fitz-Gerald v. SkyWest Airlines, Inc.*
    155 Cal. App. 4th 411 (2007) ........................................................... 10

*Gerard v. Orange Coast Memorial Med. Ctr.*
    234 Cal. App. 4th 285 (2015) ........................................................... 11

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

WSACTIVELLP:7532095.1           -ii-            REPLY ISO MOTION TO DISMISS FAC
CASE NO. 2:15-CV-02939 AB (JPRX)

*In re Northwest Airlines Corp.*
    483 F.3d 160 (2d Cir. 2007) ................................................................... 5, 6

*Lazarin v. Super. Ct.*
    188 Cal. App. 4th1560, 116 Cal. Rtpr. 3d (2010) ................................ 8

*Lujan v. S. Cal. Gas Co.*
    96 Cal. App. 4th 1200, 117 Cal. Rptr. 2d 828 (2002) .............................. 15

*Manning v. Am. Airlines, Inc.*
    329 F.2d 32 (2d Cir. 1964) ..................................................................... 5

*Martinez v. Combs.*
    49 Cal. 4th 35, 109 Cal. Rptr. 3d 514 (2010) ...................................... 7, 8

*Ovieda v. Sodexo Operations, LLC*
    No. 12-1750, 2012 WL 1627237 (C.D. Cal. May 7, 2012) ...................... 18

*Parrino v. FHP, Inc.*
    146 F.3d 699 (9th Cir. 1998) ................................................................. 3

*People ex rel. Harris v. Pac Anchor Transp., Inc.*
    59 Cal. 4th 772 (2014) ........................................................................... 10

*Safe Air for Everyone v. Meyer*
    373 F.3d 1035 (9th Cir. 2004) ............................................................... 3

*Trans World Airlines, Inc. v. Ind. Fed. Of Flight Attendants*
    809 F.2d 483 (8th Cir. 1987) ................................................................. 6

*Wamboldt v. Safety-Kleen Systems, Inc.*
    No. C 07-0884, 2007 WL 2409200 (N.D. Cal. Aug. 21, 2007) ................ 9

## **STATUTES**

29 U.S.C.
    § 207(e),(e)(1)-(8) ................................................................................. 14
    § 213(b)(3) ............................................................................................. 2

45 U.S.C.
    § 151, *et seq.* ........................................................................................ 1
    § 151a ..................................................................................................... 2
    § 156 5

Cal. Lab. Code
    § 245.5(a)(1) ......................................................................................... 12
    § 510 ................................................................................ 7, 8, 9, 10, 14
    § 515(b) ................................................................................................. 8

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

WSACTIVELLP:7532095.1                    -iii-                    REPLY ISO MOTION TO DISMISS FAC
                                                                 CASE NO. 2:15-CV-02939 AB (JPRX)

1

## <u>RULES</u>

2

Fed. R. Civ. Proc.
       11 .................................................................................................8,
3
       8 ..................................................................................................18
       12(b)(1) .................................................................................1, 3, 21
4
       12(b)(6) .................................................................................1, 3, 21
       12(e) .........................................................................................19

5

## <u>REGULATIONS</u>

6

8 Cal. Code Regs. § 11090, subd. 3(L)...........................................8
7
8 Cal. Code Regs. § 11140, subd. 3(E)..........................................13

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Ford & Harrison
LLP
Attorneys At Law
Los Angeles

WSACTIVELLP:7532095.1

-iv-

REPLY ISO MOTION TO DISMISS FAC
CASE NO. 2:15-CV-02939 AB (JPRX)

# I.     INTRODUCTION

Defendant Southwest Airlines Co.'s ("Southwest") Motion to Dismiss should be granted for the following reasons:

(1)     Industrial Welfare Commission ("IWC") Wage Order No. 9 ("Wage Order No. 9") includes a Railway Labor Act ("RLA") exemption for state overtime claims (the "RLA Exemption"), and Plaintiff Matthew McKinley ("Plaintiff") was a union employee covered by a collective bargaining agreement ("CBA") under the RLA;

(2)     Plaintiff's state overtime claim is also preempted by the RLA;

(3)     Plaintiff's other claims are derivative of the deficient state overtime claim; and

(4)     Plaintiff has failed to allege sufficient facts supporting his claims.

Despite Plaintiff's arguments to the contrary, he cannot credibly or in good faith dispute that he was a union employee for Southwest and was covered by a valid CBA entered into and under the RLA, 45 U.S.C. § 151, *et seq.* ("RLA").[1] Nor will the Court be prohibited from reviewing the CBA applicable to Plaintiff's employment and the authenticating Wilson Declaration when ruling on Southwest's Motion on Rule 12(b)(1) and 12(b)(6) grounds.   As a result, Southwest has demonstrated that the RLA Exemption in Wage Order No. 9, subd. 1(E) exempts Southwest from Plaintiff's California's statutory overtime claim as a matter of law. Nothing in the Opposition offers a convincing argument otherwise.

While Plaintiff attempts to characterize the RLA Exemption as an employer's effort to "escape liability under the Labor Code," this is a gross mischaracterization of the historical basis for the RLA Exemption in serving to avoid a patchwork of

---

[1] Plaintiff's allegation that his "wage statements do not show any deductions for union dues" is both misleading and inaccurate. (*See* Opp. at 1:15-16, Dkt. No. 25). Southwest is meeting and conferring with Plaintiff's counsel, pursuant to Fed. R. Civ. Proc. 11, in an effort to correct the clear factual misrepresentations contained within the Opposition. (*See* Supp. Abidoye Decl., ¶ 4, Ex. A to *id.*)

Ford & Harrison LLP
Attorneys At Law
Los Angeles

-1-

REPLY ISO
MOTION TO DISMISS FAC
CASE NO. 2:15-CV-02939 AB (JPRX)

local and state restrictions on the airline industry.  The stated purpose of the RLA itself, which has covered the airline industry since 1936, is not only to promote stability in labor-management relations and ensure that disruption to the nation's transportation system is held to a minimum, but also to promote the independence of the airline industry to resolve issues regarding compensation—including overtime pay—and working conditions through collective bargaining and the dispute resolution processes specified by the RLA.  *See* 45 U.S.C. § 151a.  This important purpose not only served as a basis for Congress to exempt common carriers from the Fair Labor Standards Act's ("FLSA") overtime provisions, but also prompted the California IWC to similarly adopt the RLA Exemption in 1976. *See* 29 U.S.C. § 213(b)(3); Ex. D to Abidoye Decl., Dkt. No. 20-3, Wage Order No. 9-76, subd. 1(D)).

In addition to the express RLA Exemption under California law, Plaintiff's claims are also subject to RLA Preemption.  The crux of Plaintiff's lawsuit under the Labor Code is about what should be included in the regular rate of pay to calculate overtime.  Given the express exceptions allowed under the FLSA, generally only non-discretionary pay for hours worked need be included.  But here, determination of what payments should be included in the regular rate of pay under the Labor Code turns on an interpretation of the CBA as to whether the collectively negotiated payment terms are discretionary or non-discretionary payments for hours worked.  This distinction—and interpretation of the CBA—is essential to determining the applicable regular rate of pay for overtime purposes.  Thus, Plaintiff's claims are preempted by the RLA.

Because Plaintiff's state overtime claim is subject to both the RLA Exemption under California law and federal RLA Preemption, Plaintiff's other claims, which are all derivative of the deficient state overtime claims, should likewise be dismissed.

Finally, Plaintiff's First Amended Complaint ("FAC") fails to state sufficient

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

WSACTIVELLP:7532095.1                    -2-                    REPLY ISO MOTION TO DISMISS FAC
                                                              CASE NO. 2:15-CV-02939 AB (JPRX)

1  allegations to support his claims.  Plaintiff cannot rely on bare and conclusory

2  allegations to support the purported existence of an overtime pay policy common to

3  all of Southwest's employees, without some underlying facts plausibly inferring the

4  same.  Plaintiff's contention that he only needs to allege that "he was subjected to

5  the same violations of law as other class members" (Opp. at 3:24-25, Dkt. No. 25)

6  is incorrect.  Rather, more is needed to plausibly support the existence of a common

7  policy that somehow links the diverse pay practices and multiple CBAs governing a

8  wide range of Southwest's workforce in California.

9  　　　　Accordingly, for all the reasons set out in the Motion to Dismiss, Plaintiff's

10  claims should be dismissed with prejudice.

11  **II.    ARGUMENT**

12  　　　　**A.    Despite Plaintiff's Argument To The Contrary, He Cannot In**
13  　　　　　　　　**Good Faith Dispute That His Employment Was Covered By A
           Valid CBA And That He Was A Dues Paying Member.**

14  　　　　As a preliminary matter, Plaintiff is incorrect in contending that the TWU-

15  555 CBA governing Southwest's Ramp Agents should not be considered in a Rule

16  12(b)(6) motion to dismiss[2] because Plaintiff's claims rely on the very facts and

17  practices arising from the CBA.  *See Parrino v. FHP, Inc.*, 146 F.3d 699, 706 n.4

18  (9th Cir. 1998).   Plaintiff admits in his Opposition that he was employed by

19  Southwest as a Ramp Agent.  (*See* Opp. at 4:2, Dkt No. 25.)   Here, Plaintiff's

20  claims are based on an alleged employment relationship between Plaintiff and

21  Southwest, and generally seek to challenge certain overtime payments made to

22  Plaintiff during his employment.  Because Plaintiff was a Southwest Ramp Agent,

23  that relationship—and any compensation paid to Plaintiff during the same—was

24  governed by the TWU-555 CBA, which will be integral to Plaintiff's claims.

25

26  [2] Plaintiff does not respond to the contention that Defendant may rely on extrinsic
materials in support of its preemption argument.  (*See* Op. Br. at 2, n.1, Dkt. No.
27  20-1.)   Such reliance is permissible as part of a Rule 12(b)(1) attack on subject
matter jurisdiction.  *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th
28  Cir. 2004).

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

WSACTIVELLP:7532095.1　　　　　　-3-　　　　　　REPLY ISO MOTION TO DISMISS FAC
CASE NO. 2:15-CV-02939 AB (JPRX)

1        Plaintiff's argument that he is not covered by the TWU-555 CBA because

2   Southwest has not shown that he is a union member or paid union dues is entirely

3   baseless.   As a preliminary matter, Plaintiff cites no authority supporting his

4   proposition that a person must be a union member or pay union dues to be covered

5   by a CBA under the RLA.   And Plaintiff would be hard-pressed to find any,

6   because Plaintiff's argument reveals a flawed understanding of United States labor

7   law.   Once a union is certified to represent a craft or class of employees under the

8   RLA, it represents all of the employees in that job classification, whether they join

9   the union and pay union dues or not, and the CBA covers all of the employees in

10   the classification. *See Air Line Pilots' Ass'n v. Miller*, 523 U.S. 866, 868, 118 S. Ct.

11   1761, 140 L. Ed. 2d 1070 (1998) (union obliged to act on behalf of all employees in

12   the bargaining unit).   Thus, the relevant inquiry is whether the underlying CBA's

13   provisions cover the person's employment, not whether s/he is a union member.   If

14   they do, and that employee receives the benefits provided by the CBA, s/he is

15   deemed covered by the CBA.   Here, Plaintiff cannot credibly dispute that he was a

16   Ramp Agent for Southwest, and that the TWU-555 CBA covered Plaintiff's

17   employment.   (*See* Opp. at 4:2, Dkt No. 25 [admitting that Plaintiff was a Ramp

18   Agent]; Wilson Decl. at ¶¶ 4, 6, Dkt. No. 20-2; Ex. A to *id.* at Preamble, p. 1, Art.

19   5, pp. 8-9 [showing the TWU-555 CBA covered, in part, Ramp Agents].)[3]

20        Moreover, it is worth noting that, even if Southwest had to demonstrate that

21   Plaintiff was a dues paying member, it could easily do so.   Plaintiff's declaration in

22   support of his Opposition provided this Court with a select portion of his wage

23   statements during his initial 180-day probationary period of employment when he

24   was not required to pay union dues—from November 15, 2014 to January 5, 2015.

25   

---

26   [3] Defendant also notes that Plaintiff does not proffer any evidence or testimony
directly denying that he was a union member, paid union dues, or was covered by
27   the TWU-555 CBA.   (*See generally* McKinley Decl., Dkt. No. 25-1 [testifying to
his   dates   of   employment   and   submitting   "samples   of   ...   pay   stubs/wage
28   statements"].)

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

WSACTIVELLP:7532095.1                    -4-                    REPLY ISO MOTION TO DISMISS FAC
CASE NO. 2:15-CV-02939 AB (JPRX)

(*See* Ex. A to Wilson Decl., Dkt. No. 20-2 at Art. 31(A) [regarding requirement to pay dues after probationary period ended].)  Plaintiff's incomplete presentation of the evidence appears to be an attempt to mislead this Court concerning his union membership and demonstrates that Plaintiff's counsel failed to perform the required reasonable inquiry into the facts.  Since receiving Plaintiff's Opposition, Southwest has provided his counsel with a complete set of Plaintiff's wage statements, and Plaintiff's executed Dues Check Off form to join the TWU union.  Those records show that Plaintiff voluntarily agreed to pay union dues and that he paid dues during the January 15, 2015 pay period (the pay period *immediately after* the wage statements attached to his declaration).  (*See* Supp. Abidoye Decl., ¶ 4, Ex. A to *id.*)

Likewise, Plaintiff's contention that the TWU-555 CBA does not cover the time period applicable to Plaintiff's employment is without merit because it is premised on a fundamental misunderstanding of how CBAs that are subject to the RLA's provisions operate.  Unlike CBAs under the National Labor Relations Act ("NLRA"), CBAs under the RLA do not "expire" on specified dates; instead they become "amendable" upon service of notices under Section 6 of the RLA, 45 U.S.C. § 156.  *See Manning v. Am. Airlines, Inc.*, 329 F.2d 32, 34 (2d Cir. 1964) ("The effect of §6 is to prolong agreements subject to its provisions regardless of what they say as to termination"); *Air Line Pilots Ass'n, Int'l v. UAL Corp.*, 897 F.2d 1394, 1398 (7th Cir. 1990) (stating that the RLA "abhors a contractual vacuum").  After the "amendable" date and upon proper notice from one party to re-negotiate the CBA, the RLA requires continued enforcement of the terms of the CBA during the pendency of the parties' re-negotiation as the "status quo."  *See In re Northwest Airlines Corp.*, 483 F.3d 160, 167 (2d Cir. 2007) (citing *Consol. Rail Corp. v. Ry. Labor Executives' Ass'n*, 491 U.S. 299, 302, 109 S. Ct. 2477, 105 L. Ed. 2d 250 (1989)).

The consensus among the circuits is that a CBA under the RLA does not simply cease to be enforceable—let alone exist.  Rather, the terms of the CBA

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

WSACTIVELLP:7532095.1                    -5-                    REPLY ISO MOTION TO DISMISS FAC
CASE NO. 2:15-CV-02939 AB (JPRX)

1  under the RLA, following an amendable date, are to continue in effect.  *See, e.g.,*

2  *Trans World Airlines, Inc. v. Ind. Fed. of Flight Attendants*, 809 F.2d 483, 488-91

3  (8th Cir. 1987); *accord Brotherhood of Railway & Steamship Clerks, Freight*

4  *Handlers, Express & Station Employees, AFL-CIO v. Florida East Coast Ry. Co.*,

5  384 U.S. 238, 86 S. Ct. 1420, 16 L. Ed. 2d 501 (1966) (noting the underlying policy

6  of the RLA was to promote stability and continuing agreements between

7  management and labor).

8        Here, the TWU-555 CBA contains a duration clause providing that, "This

9  entire Agreement shall remain in full force and effect as of the date of ratification

10  through and including June 30, 2011, and thereafter shall be subject to change as

11  provided in Section Six of the Railway Labor Act, as amended."  (*See* Ex. A to

12  Wilson Decl. at Art. 29, p. 71, Dkt. No. 20-2; *EEOC v. United Air Lines, Inc.*, 755

13  F.2d 94, 97 (7th Cir. 1985) [upholding duration clause with similar language].)

14  Thus, the TWU-555 CBA continues to remain in full force today, and was in force

15  throughout Plaintiff's employment with Southwest.  (*See* Wilson Decl., ¶ 4, Dkt.

16  No. 20-2.)

17        As stated by the National Mediation Board – the federal agency tasked with

18  administration of the RLA:

19        Under the RLA, collective bargaining agreements do not expire;
20        instead they become subject to change as of a specified date and upon
          "notices of intent" by the parties to change some or all of the elements
21        of the agreement. Until a mutually newly negotiated agreement is
22        accepted by both parties, the provisions of the original agreement
          remain in full force. This is commonly referred to as "status quo."

23

24  *See* The National Mediation Board, *Frequently Asked Questions: Mediation*, *at*

25  http://www.nmb.gov/services/*mediation*/frequently-asked-questions-mediation (last

26  visited May 2, 2015); *see also In re Northwest Airlines Corp.*, 483 F.3d at 167.

27  / / /

28

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

WSACTIVELLP:7532095.1                    -6-                    REPLY ISO MOTION TO DISMISS FAC
                                                               CASE NO. 2:15-CV-02939 AB (JPRX)

Consequently, the Court should find that the TWU-555 CBA, which governs all Southwest Ramp Agents, governed Plaintiff's employment as a Ramp Agent with Southwest.

**B.     The RLA Exemption Exempts Plaintiff from Section 510 of the California Labor Code.**

Because Plaintiff's employment was governed by a valid CBA entered into and under the RLA, the RLA Exemption is applicable here and renders Plaintiff exempt from California's overtime requirements.  Plaintiff opposes this argument on two grounds: (1) the RLA Exemption does not exempt Southwest from complying with Section 510 of the California Labor Code because he is not bringing his overtime claim under Wage Order No. 9 (*see* Opp. at 8:26-9:12-12:20, Dkt. No. 25); and (2) the reasoning of a recent California Court of Appeal decision supports Plaintiff's argument that *any* exemption within an IWC Wage Order is invalid if it conflicts with the California Labor Code (*see id.* at 12:24-14:9).  In fact, the RLA Exemption applies to <u>all</u> California overtime claims and does not conflict with the Labor Code.

**1.     The RLA Exemption Applies To <u>All</u> California Overtime Claims, Not Just Wage Order Claims, Pursuant To *Collins v. Overnite Transp. Co.***

While Plaintiff is correct that the FAC asserts no violation of Wage Order No. 9, he misses the point that certain overtime exemptions found in the IWC Wage Orders, including the RLA Exemption, also apply to overtime claims under California Labor Code section 510 following the passage of AB 60.

"The IWC's wage orders are to be ***accorded the same dignity as statutes***. They are 'presumptively valid' legislative regulations … and must be given 'independent effect' separate and apart from any statutory enactments." *Brinker Rest. Corp. v. Super. Ct.*, 53 Cal. 4th 1004, 1027, 139 Cal. Rptr. 3d 315 (2012) (quoting *Martinez v. Combs*, 49 Cal. 4th 35, 65, 68, 109 Cal. Rptr. 3d 514 (2010)) (emphasis added).  Courts are required to harmonize a wage order and a statute to

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

WSACTIVELLP:7532095.1                    -7-                    REPLY ISO MOTION TO DISMISS FAC
CASE NO. 2:15-CV-02939 AB (JPRX)

1    the extent they overlap.  *Id.*  In turn, the validity of regulations adopted by the

2    IWC—which acts in a quasi-legislative capacity—will depend on the authority

3    delegated to the IWC by the California state legislature.  *See Collins v. Overnite*

4    *Transp. Co.*, 105 Cal. App. 4th 171, 178-79, 129 Cal. Rptr. 2d 254 (2003); *see also*

5    *Lazarin v. Super. Ct.*, 188 Cal. App. 4th 1560, 1569, 116 Cal. Rptr. 3d 596 (2010)

6    (stating that judicial review of quasi-legislative actions is limited to the

7    determination whether the regulation is within the scope of the authority conferred

8    and reasonably necessary to carry out the purpose of the statute under which it is

9    enacted).  Here, Defendant argues that the overtime exemptions found in Wage

10   Order No. 9, specifically the RLA Exemption, are valid based on the IWC's

11   authority pursuant to Section 515(b).  By law, the RLA Exemption must be

12   construed and applied as an express exception to California's statutory overtime

13   requirement.

14        This was the central premise of *Collins v. Overnite Transp. Co.*, which

15   critically examined the validity of an overtime exemption in IWC Wage Order No.

16   9 following enactment of Section 510 and its sister provision, Section 515(b).[4]  *See*

17   105 Cal. App. 4th at 177-80.  As part of its rationale for concluding that Section

18   510 did not impliedly repeal, and thus supersede the motor carrier overtime

19   exemption in Wage Order No. 9, the *Collins* court interpreted Section 515(b)'s

20   "review, retain, or eliminate any exemption" language to evince a clear intent from

21   the California state legislature to authorize the IWC to create and maintain specific

---

23   [4] Plaintiff highlights the language of the RLA Exemption to suggest that its scope
24   was limited to Wage Order No. 9.  Yet this distinction is not relevant, let alone
     dispositive, as the exemption's language is similar to the motor carrier exemption
     analyzed and upheld by the California Court of Appeal in *Collins*.  *See* 8 Cal. Code
25   Regs. § 11090, subd. 3(L) ("The provisions of ***this section*** are not applicable to
     employees whose hours of service are regulated by [motor carriers]") (emphasis
26   added); *Collins*, 105 Cal. App. 4th at 175, 177-80.  The *Collins* court likewise
     rejected this argument.  105 Cal. App. 4th at 180 n. 4.  Like the motor carrier
27   exemption, the RLA overtime exemption is valid pursuant to the authority given to
     the IWC through California Labor Code section 515(b), and thus it supersedes
28   California's statutory overtime requirement.

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

WSACTIVELLP:7532095.1                    -8-                    REPLY ISO MOTION TO DISMISS FAC
                                                               CASE NO. 2:15-CV-02939 AB (JPRX)

1   exceptions from the general rule of overtime compensation. *See id.* at 178-79.

2   Against this backdrop, the only conclusion that can be drawn from *Collins* and its

3   analysis is that the RLA Exemption, which was contained in a valid wage order in

4   effect in 1997 and retained thereafter, acts as an exception to Section 510.

5   Accordingly, *Collins* is dispositive, and the RLA Exemption acts to exempt

6   Plaintiff from the overtime requirements of Section 510.

7          Plaintiff's Opposition fails to adequately address *Collins* on a substantive

8   basis and attempts to dismiss the decision as inapplicable because it concerned the

9   trucking industry.  Plaintiff's assertion that *Collins* dealt with the trucking industry

10  entirely ignores that its analysis supports the proposition that ***any non-statutory***

11  ***exemptions in the wage orders regarding overtime must be applied as a specific***

12  ***exception from the general rule of overtime compensation.*** *Collins*, 105 Cal. App.

13  4th at 178-79; *see Doe v. Butler Amusements, Inc.*, No. 13-cv-03027, 2014 WL

14  5465599, *12-*14 (N.D. Cal. Oct. 27, 2014); *Wamboldt v. Safety-Kleen Systems,*

15  *Inc.*, No. C 07-0884, 2007 WL 2409200, *3 (N.D. Cal. Aug. 21, 2007).  Plaintiff

16  has offered no credible reason why the logic from *Collins* should not apply to the

17  airline industry regarding the RLA Exemption.  *See also Brinker*, 53 Cal. 4th at

18  1027 (noting, post-AB60, the wage orders are "presumptively valid" regulations

19  that must be given "independent effect" separate and apart from other statutory

20  enactments).  ***In fact, the rationale behind the Collins decision for the motor***

21  ***carrier exemption applies equally to the RLA Exemption for air carriers, as both***

22  ***involve unique transportation industries with longstanding unique laws.***

23         Moreover, Plaintiff's reliance on the unpublished district court decision,

24  *Angeles v. U.S. Airways, Inc.*, 2013 WL 622032, is also unpersuasive.  The district

25  court in *Angeles* did not have the benefit of analyzing the defendant's exemption

26  argument under Section 515(b) and *Collins*' rationale.  This appears to be due to the

27  defendant's failure to raise the interplay of *Collins* and Section 515(b) in its motion

28  to dismiss.  (Supp. RJN, ¶ 1, Ex. B to Supp. Abidoye Decl., Notice of Motion and

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

WSACTIVELLP:7532095.1                            -9-                    REPLY ISO MOTION TO DISMISS FAC
                                                                       CASE NO. 2:15-CV-02939 AB (JPRX)

Motion of Defendant US Airways, Inc. to Dismiss Under Federal Rule of Civil Procedure 12(b)(1) and (6), *Angeles v. US Airways, Inc.*, No. 12-05860 (N.D. Cal. Nov. 26, 2012) [failing to cite or analyze *Collins* or Section 515(b)]; Supp. RJN, ¶ 2, Ex. C to Supp. Abidoye Decl., Reply of Defendant US Airways, Inc. to Plaintiffs' Opposition to Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(1) and (6), *Angeles v. US Airways, Inc.*, No. 12-05860 (N.D. Cal. Jan. 11, 2013) [same].)   Nor did the *Angeles* court have the benefit of analyzing the interplay between Section 515(b), Section 514's general CBA exemption, and Section 510.[5]   Had the defendant in *Angeles* properly presented the rationale of *Collins* and Section 515(b), the *Angeles* court would have likely concluded that the RLA Exemption applies to Section 510 claims.   Likewise, the court's reliance on the general CBA exemption in Section 514 was misplaced because the RLA Exemption is simply an exception *in addition to* other exceptions, such as Section 514.   *See Collins*, 105 Cal. App. 4th at 178 (noting that the Labor Code contains several specific statutory exemptions to the general rule of overtime compensation and that it was reasonable to interpret Section 515(b) as authorizing the IWC to review, retain or eliminate any non-statutory exemptions in the wage orders).

Plaintiff also misconstrues the holding of *People ex rel. Harris v. Pac Anchor Transp., Inc.*, 59 Cal. 4th 772, 782-84 (2014), as applied to *Fitz-Gerald v. SkyWest Airlines, Inc.*, 155 Cal. App. 4th 411 (2007).   A close reading of *Pac Anchor* reveals that *Pac Anchor*'s holding was only limited to disapproving of *Fitz-Gerald*'s analysis on preemption of a claim under California's unfair competition law, but not to *Fitz-Gerald*'s holding regarding the RLA Exemption.

---

[5] Southwest notes that U.S. Airways later attempted to raise these issues in a motion for judgment on the pleadings, but because the defendant failed to properly present them on its earlier motion to dismiss, the *Angeles* court invoked the law of the case doctrine and denied reconsideration. (*See* Supp. RJN, ¶ 3, Ex. D to Supp. Abidoye Decl., Order Granting Motion for Class Certification, Denying for Motion for Judgment on the Pleadings, and Denying Motion to Deny Class Certification, 1-2, *Angeles v. US Airways, Inc.*, No. 12-05860 (N.D. Cal. Apr. 4, 2014).)

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

WSACTIVELLP:7532095.1                      -10-                      REPLY ISO MOTION TO DISMISS FAC
CASE NO. 2:15-CV-02939 AB (JPRX)

2.   **Plaintiff's Reliance on *Gerard v. Orange Coast Memorial Med. Ctr.* Is Misplaced Because It Does Not Concern Exemption For The Airline Industry Pursuant To Labor Code 515(b).**

Plaintiff's reliance on *Gerard v. Orange Coast Memorial Med. Ctr.*, 234 Cal. App. 4th 285 (2015)[6] is similarly misplaced. *Gerard*'s holding is distinguishable because its analysis was limited to examining the validity of a meal period exception applicable to the healthcare industry and its interaction with Sections 512 (California's meal period statute) and 516 (regarding the IWC's authority in adopting and amending working conditions with respects to meal and rest breaks and days of rest). *See* 234 Cal. App. 4th at 294-98. In finding the healthcare exception partially invalid, the *Gerard* court undertook an in-depth examination of Section 516, ultimately concluding that the provision, as worded, evinced an expressed intent of the California state legislature to prohibit the IWC from amending its wage orders *in ways that conflict* with the meal period requirements of Section 512. *See id.* at 296. But this is in stark contrast to the case at hand involving the RLA Exemption, which does *not* conflict with the Labor Code and which was subsequently reaffirmed by the state legislature through Section 515(b). *See Collins*, 105 Cal. App. 4th at 177-81.

Nor can *Gerard* be construed to support Plaintiff's contention that Section 514 somehow implicitly repeals the RLA Exemption. First, while Section 514 imposes an exemption and certain requirements for unionized industries, it is not intended to cover the RLA Exemption. The RLA Exemption exempts a certain subset of employees in the railroad and air industries who have entered into CBAs under the RLA, while Section 514 more broadly exempts employees in other industries covered by the NLRA.[7] Second, there is nothing in the legislative

---

[6] Southwest notes a petition for review is now pending before the California Supreme Court.
[7] It is worth noting that the California legislature has continued to make a

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

WSACTIVELLP:7532095.1                -11-                REPLY ISO MOTION TO DISMISS FAC
                                                        CASE NO. 2:15-CV-02939 AB (JPRX)

1   history—and Plaintiff provides no authority—that could support such an inference

2   of repeal.   The fact that Section 514 was enacted with Section 515(b) all but

3   demonstrates that the California state legislature intended for Section 514 and any

4   overtime exemptions in the wage orders to be applied concurrently.   (Supp. RJN,

5   ¶ 4, Ex. E to Supp. Abidoye Decl., Assembly Bill 60 at 1, Stats. 1999, c. 134 (Cal.

6   Jul. 20, 1999) ["An act … to add Sections … 514, 515…"].)

7          That the RLA Exemption does not conflict with Section 514 is further

8   reinforced by the fact that these exemptions have coexisted since 1976.   In addition

9   to the RLA Exemption, Wage Order No. 9-76 contained a general CBA exemption

10  that is the historical precursor to the Section 514 exemption (*see* Ex. D to Abidoye

11  Decl., Dkt. No. 20-3, Wage Order No. 9-76, subd. 3(G)).      Thus, the IWC

12  contemplated a concurrent need for ***both*** a general CBA exemption ***and*** an RLA

13  Exemption—each of which has since coexisted for approximately thirty-eight

14  years. (*See* Ex. D to Abidoye Decl., Dkt. No. 20-3, Wage Order No. 9-76, subds.

15  1(D), 3(G); Ex. E to *id.*, Wage Order No. 9-80, subds. 1(D), 3(G); Ex. F to *id.*,

16  Wage Order No. 9-90, subds. 1(D), 3(F); Ex. G to *id.*, Wage Order No. 9-98, subds.

17  1(D), 3(D); Ex. H to *id.*, Wage Order No. 9-2000, subds. 1(D), 3(G)(1); Ex. C to

18  *id.*, Wage Order No. 9-2001, subds. 1(E), 3(H).)

19         Courts will "affirm, to the extent possible, the integrity of both the [Labor

20  Code] and the IWC regulations as part of a single scheme of regulations," and, even

21  in cases of potential conflict, courts will give effect and meaning to the words of the

22  Labor Code and wage orders unless the conflict is "irreconcilable, clearly

23  repugnant, and so inconsistent that the two cannot have ***concurrent*** operation."

---

25  distinction between employees covered by the RLA and employees covered by the
    NLRA in other employment related statutes.    For example, with respect to
26  California's newly enacted paid sick leave—Healthy Workplaces, Healthy Families
    Act—individuals subject to the RLA have their own express exemption as do
27  employees covered by a valid CBA.    *Compare* Cal. Lab. Code § 245.5(a)(1)
    (general CBA exemption) *with id.* at § 245.5(a)(4) (RLA exemption).

28

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

WSACTIVELLP:7532095.1                    -12-                    REPLY ISO MOTION TO DISMISS FAC
                                                                CASE NO. 2:15-CV-02939 AB (JPRX)

*Collins*, 105 Cal. App. 4th at 179-80 (emphasis added).[8] Accordingly, Section 514 cannot be read as Plaintiff suggests, as Plaintiff's interpretation would render Section 515(b) entirely meaningless. Such an interpretation would violate the basic canon that a statute should be interpreted in a way that gives effect to all of its provisions. *See Boise Cascade Corp. v. United States EPA*, 942 F.2d 1427, 1432 (9th Cir. 2001) ("[W]e must interpret statutes as a whole, giving effect to each word and making every effort not to interpret a provision in a manner that renders other provision of the same statute inconsistent, meaningless or superfluous").

Accordingly, Southwest respectfully requests that the Court grant its Motion and dismiss Plaintiff's claims with prejudice, based on the RLA Exemption of Wage Order No. 9.

### C. Plaintiff's Claims are Preempted by the RLA Because Calculating the Regular Rate Requires An Interpretation of the CBA to Determine Whether Bonuses Are Non-Discretionary.

Plaintiff does not dispute the general proposition that state law claims substantially dependent on analysis of a CBA are preempted under the RLA. (*See* Opp. at 14:22-24, Dkt. No. 25.) Nor does he dispute that the Court's preemption analysis will require the Court to look to the substantive nature of Plaintiff's claim. (*See id.* at 15:6-7.) Yet Plaintiff mistakenly believes that his claims are not preempted because: (1) other cases have held that claims involving miscalculation of the regular rate are not preempted, while the cases that Southwest cites are purportedly inapposite (*see id.* at 16:3-17:9, 20:1-24); (2) the fact that the TWU-555 CBA does not discuss calculating the regular rate or whether "shift differential pay" is included in the regular rate is dispositive (*see id.* at 18:10-19:6); (3) that,

---

[8] Indeed, a holding otherwise may endanger other exemptions in the wage orders for employees covered by CBAs. For example, Wage Order No. 14 contains an exemption pertaining to employees covered by CBAs in the agricultural industry. *See* 8 Cal. Code Regs. § 11140, subd. 3(E) ("This section shall not apply to any [agricultural] employee covered by a collective bargaining agreement if said agreement provides premium wage rates for overtime work and a cash wage rate for such employee of not less than one dollar ($1.00) per hour more than the minimum wage.")

FORD & HARRISON LLP
ATTORNEYS AT LAW
LOS ANGELES

WSACTIVELLP:7532095.1

-13-

REPLY ISO MOTION TO DISMISS FAC
CASE NO. 2:15-CV-02939 AB (JPRX)

1    regardless, "[Plaintiff's] claim can be adjudicated simply by looking at the wage

2    statements of Plaintiff and class members to determine whether all non-

3    discretionary pay was included in the regular rate" (*id.* at 19:15-17).

4          As explained in the underlying motion, the gravamen of Plaintiff's lawsuit

5    alleges that Southwest, in violation of California Labor Code Section 510,

6    underpaid Plaintiff and others their overtime compensation by failing to include

7    certain forms of additional payments in the regular rate of pay. (*See*, *e.g.*, FAC,

8    ¶¶ 2, 17.)   Accordingly, the questions that a factfinder must answer are, in

9    sequential order: (1) Is the payment at issue considered a form of remuneration for

10   employment paid to, or on behalf of, the employee; (2) If so, does the payment fall

11   into a category that may be excluded from the regular rate of pay; and (3) If not,

12   was the payment included in the regular rate of pay?   *See* 29 U.S.C. § 207(e),

13   (e)(1)-(8); *cf. Alonzo v. Maximus, Inc.*, 832 F. Supp. 2d 1122, 1129 (C.D. Cal.

14   2011) (adopting FLSA standards for California's regular rate definition).

15         Yet Plaintiff's Opposition argues that a factfinder can simply ignore the first

16   two questions and skip directly the third prong of the analysis. (*See* Opp. at 19:15-

17   17, Dkt. No. 25 ["Rather, this claim can be adjudicated simply by looking at the

18   wage statements of Plaintiff and class members to determine whether all non-

19   discretionary pay was included in the regular rate"].)   Not so.   Plaintiff's argument

20   mistakenly assumes that the first two prongs have already been answered or are not

21   in dispute by the parties.   Contrary to Plaintiff's contention, Plaintiff must still offer

22   evidence showing that certain payments were made, and more importantly, ***why***

23   they were made.   In order to answer these first two questions of the regular rate

24   analysis, the Court will be forced to consider multiple issues that require

25   interpreting the CBA, such as:   was the payment non-discretionary or discretionary;

26   was the payment for work performed or not; and, was the payment for

27   reimbursement of business expenditures.

28   / / /

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

WSACTIVELLP:7532095.1                          -14-                    REPLY ISO MOTION TO DISMISS FAC
                                                                      CASE NO. 2:15-CV-02939 AB (JPRX)

Moreover, Plaintiff is wrong when he argues that his claim can be resolved simply by looking at the wage statements, because those records do not answer all three questions of the regular rate analysis. That information can only gained by interpreting—not just referencing—the TWU-555 CBA to identify the various forms of payment offered and the circumstances underlying each payment, whether discretionary or not and whether for actual work performed, or some other reason that qualifies for exclusion from the regular rate of pay. (*See* Wilson Decl. at ¶¶ 4, 6, Dkt. No. 20-2; Ex. A to *id.* at Art. 6, pp. 11-15 [regarding hours of work, holiday pay, and pay for jury duty], Art. 7, pp. 16-19 [regarding overtime and double time], Art. 9, p. 22 [regarding training pay], Art. 13, pp. 28-29 [regarding sick pay], Art. 14, p. 30 [regarding paid vacation/DAT days], Art. 18, p. 36 [regarding bereavement benefits], Art. 22, p. 45 [regarding paid free days and holiday pay], Art. 28, pp. 56-70 [regarding wage rules for covered employees].)

The main authorities cited in Plaintiff's Opposition are easily distinguishable.[9] While Plaintiff seeks to construe *Lujan v. S. Cal. Gas. Co.*, 96 Cal. App. 4th 1200, 117 Cal. Rptr. 2d 828 (2002) as being a lawsuit related to the miscalculation of the regular rate, the theory of liability in *Lujan* actually concerned a dispute by meter readers who claimed that their employer's hybrid piece-rate compensation system violated the state's overtime standards. *See* 96 Cal. App. 4th at 1203-04, 1209-10. Neither party in *Lujan* disputed how the defendant calculated the regular rate. *See id.* at 1211. Accordingly, the case had nothing to do with how overtime was calculated, or what payments should be included in the regular rate of pay. *See id.* at 1210. Additionally, the case did not involve the airline industry or preemption under the RLA. In contrast to *Lujan*, Plaintiff's case does involve a

---

[9] The Court should find *Cruz v. Skychefs, Inc.*, No. 12-02705, 2012 WL 6680174 (N.D. Cal. Dec. 21, 2012) to be of little persuasive value here, as the court in that case never actually conducted a legal analysis on whether plaintiff's regular rate claim was preempted. Rather, the defendant only conceded, without opposition, that it was not. *See id.* at *1. This is not the case here.

1  dispute over his CBA because he seeks to argue that his overtime should have
2  included all forms of remuneration in the regular rate—a contention that will
3  necessarily require interpretation over the TWU-555's CBAs terms.

4  Similarly, a close reading of *Angeles*—another case Plaintiff relies in his
5  Opposition—reveals that the plaintiff never sought to challenge the defendant's
6  calculation of the regular rate; rather, the basis for plaintiff's complaint centered on
7  the defendant's automatic meal period deductions and shift-trade policies. *See*
8  2013 WL 622032, *4.   Thus, because the preemption analysis undertaken in
9  *Angeles* related to a completely different theory of liability, it offers little to no
10  assistance in the instant case.

11  As for the only decision cited by Plaintiff involving a regular rate claim,
12  *Controulis v. Anheuser-Busch*, No. 13-07378, 2013 WL 6482970 (C.D. Cal. Nov.
13  20, 2013), the decision is likewise distinguishable because, unlike here, the CBA
14  had defined the regular rate of pay and explicitly excluded the payments at issue—
15  two cases of beer—from the regular rate definition.   *Id.* at *1.   As a result, the
16  district court found that the plaintiff's overtime claim was not preempted because
17  the defendant conceded that the parties' CBA expressly negotiated and excluded the
18  beer cases from the regular rate of pay.   *See id.* at *2.   As a result, there was no
19  longer a dispute over how the regular rate was calculated, and all that was left was a
20  determination of whether the parties' undisputed calculation method violated
21  California law.   But here, the issue is not as simple because the TWU-555 CBA
22  does not define the regular rate, let alone what is included in the overtime
23  calculation.   Likewise, Plaintiff's claims are not just limited to one category of
24  payments, as in *Controulis*, but "all remuneration earned by the employees,
25  including non-discretionary awards and/or bonuses and shift differential pay."
26  (FAC, ¶ 2.)   Such an expansive theory, impugning every form of payment made
27  under the TWU-555 CBA, will necessarily embroil the parties in a dispute over
28  what the regular rate should include, thereby requiring a fact finder to delve deep

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

WSACTIVELLP:7532095.1                -16-                REPLY ISO MOTION TO DISMISS FAC
CASE NO. 2:15-CV-02939 AB (JPRX)

into the terms of each payment, how each term is worded, and whether the payments may be interpreted as requiring inclusion in the regular rate calculation.[10]

In contrast, the holdings in *Firestone v. So. Ca. Gas Co.*, 219 F.3d 1063, 1065 (9th Cir. 2000)[11] and *Blackwell v. SkyWest Airlines*, No. 06-0307, 2008 WL 5103195 (S.D. Cal. Dec. 3, 2008) are far more instructive. In *Firestone*, the case involved a dispute over how the regular rate of pay should be calculated. *Firestone*, 219 F.3d at 1065-66. Here, the parties are having a dispute over a similar issue— specifically, what forms of payment should be included in the regular rate. In each case, the only way to resolve that issue was to examine, interpret and apply the CBA's pay provisions.

Likewise, *Blackwell* is more helpful because, like the instant case, the case not only involved a wage and hour dispute in the airline industry and the preemption under the RLA, but also involved a complicated system of rules for compensation and other payments. (*See, e.g.*, Ex. A to Wilson Decl., Dkt. No. 20-2 at Art. 6(J), p. 12 [regarding pay for shift trades], Art. 7(B)-(C), p. 16 [regarding pay for overtime and double time], Art. 7(I)(8), p. 18 [regarding pay for working on scheduled vacation], Art. 9(A), p. 22 [regarding pay for training], Art. 22(C), p. 45 [regarding pay for holiday work], Art. 28(K), pp. 57-70 [regarding hourly rates of pay based on position, tenure and seniority for covered employees], Art. 6(E), p. 11 [regarding holiday pay], Art. 6(I) [regarding pay for jury duty], Art. 11(D), p. 25 [regarding pay for travel leave], Art. 13, pp. 28-29 [regarding sick pay], Art. 14, p. 30 [regarding paid vacation/DAT days], Art. 18, p. 36 [regarding bereavement benefits], Art. 22, p. 45 [regarding pay for paid holidays/freedays]). As Plaintiff's

---

[10] Even so, *Controulis*' rationale is flawed in that it does not take into account that the underlying theory of liability will nevertheless require a fact finder to examine the wording of the CBA in order to determine whether the alcoholic beverage incentives were the sort of remuneration that did not fall into any of the categories for exclusion from the regular rate.

[11] Defendant notes that Plaintiff's Opposition mistakenly responds to the wrong *Firestone* decision.

broad theory of liability seeks to challenge every form of payment in the TWU-555 CBA (*see* FAC, ¶ 2), a fact finder will ultimately be forced to examine that complicated system in order to adjudicate Plaintiff's claims.

Finally, that the TWU-555 CBA does not define the regular rate or addresses what should be included in the regular rate is beside the point.  What will matter for the Court's preemption analysis is whether the nature of Plaintiff's claims will necessarily require an analysis and interpretation of the CBA's governing provisions.  It does.

In sum, it cannot be disputed that analysis of Plaintiff's claims will be inextricably intertwined with interpreting the TWU-555 CBA.  Accordingly, Plaintiff's claims are preempted by the RLA and must be dismissed with prejudice.

**D.  Plaintiff's FAC Provides Insufficient Facts Supporting His Claims With Respect to Non-Ramp Agents.**

Contrary to Plaintiff's assertions, Southwest's Motion to Dismiss does not seek to argue that he cannot prove his claims are typical or that his case should be certified as a class.  (Opp. at 21:8-22:20, Dkt. No. 25.)  What Southwest argues is that Plaintiff fails to allege, for purposes of Fed. R. Civ. Proc. 8, sufficient facts that plausibly demonstrate a common overtime calculation policy among all Southwest employees.

Other than his bare allegations that there is a "common policy" concerning the calculation of the regular rate of pay, the FAC simply does not allege sufficient facts demonstrating the existence of such a policy.  (*See, e.g.*, FAC, ¶¶ 2, 17, 29, 33.)  Nowhere in the FAC does Plaintiff allege facts inferring his knowledge of payment practices for other positions, other contracts or other locations.  At best, his allegations only demonstrate a knowledge of the pay policies for Ramp Agents.  (*See id.*)  It would therefore be unreasonable to infer that his allegations go beyond that position.  *See Ovieda v. Sodexo Operations, LLC*, No. 12-1750, 2012 WL 1627237, *3 (C.D. Cal. May 7, 2012) (citing cases for proposition that allegations

1   of a "consistent" policy or "willful[] require[ement]" to skip meal breaks or work

2   overtime fails to satisfy *Iqbal*).

3       In the event that the Court does not dismiss Plaintiff's claims under the RLA

4   Exemption or RLA Preemption, Southwest respectfully requests that the Court

5   dismiss all claims given Plaintiff's failure to allege sufficient facts supporting his

6   claims.[12]

7   **III.   CONCLUSION**

8       Because Southwest is an airline subject to special regulation by federal

9   statute, the typical analysis of overtime claims is inapplicable here.   Rather, the

10  Court must determine whether Plaintiff's claim of unpaid overtime may proceed,

11  despite clear indications from both Congress and the California Legislature that

12  such a claim is subject to RLA Exemption.   Even then, Plaintiff's claim would also

13  be preempted by the RLA given that its resolution is inextricably intertwined with

14  interpreting the CBA.   Allowing Plaintiff's claims to proceed in this case would not

15  only contradict state and federal law, but also prior precedent of the California

16  appellate courts.   Accordingly, Plaintiff's overtime claim must be dismissed

17  because: (1) he is exempt from the overtime provisions of the California Labor

18  Code; and (2) his claim is preempted by the RLA.   Plaintiff's remaining claims

19  must likewise be dismissed because they are derivative of his overtime claim.

20  Finally, all of Plaintiff's claims must be dismissed given his failure to allege

21  sufficient facts in support.   For the foregoing reasons, Southwest respectfully

22  requests that the Court grant its Motion to Dismiss and dismiss all of Plaintiff's

23  claims with prejudice.

24  / / /

25  / / /

26  _____

27  [12] Plaintiff's Opposition also makes a non-sensical argument opposing Defendant's
    Motion to Dismiss on Rule 12(e) grounds.   (Opp. at 23:3-24:20, Dkt. No. 25.)

28  Plaintiff's argument is irrelevant, as Defendant never moved pursuant to Rule 12(e)
    or requested Plaintiff re-plead with more specificity.

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

WSACTIVELLP:7532095.1                                    -19-                    REPLY ISO MOTION TO DISMISS FAC
                                                                                CASE NO. 2:15-CV-02939 AB (JPRX)

| | |
|---|---|
| 1 | Dated:  May 4, 2015 |

Respectfully submitted,

FORD & HARRISON LLP

By:

Michelle B. Abidoye
David L. Cheng

Douglas W. Hall (*Pro Hac Vice*)
dhall@fordharrison.com
FORDHARRISON, LLP
1300 19th Street, NW, Suite 300
Washington, DC 20036
Telephone:     (202) 719-2065
Facsimile:      (202) 719-2077

Attorneys for Defendant SOUTHWEST
AIRLINES CO.

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

WSACTIVELLP:7532095.1                    -20-                    REPLY ISO MOTION TO DISMISS FAC
                                                                CASE NO. 2:15-CV-02939 AB (JPRX)

## PROOF OF SERVICE

I, Anne Moreno, declare:

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 350 South Grand Avenue, Suite 2300, Los Angeles, California 90071. On May 4, 2015, I served a copy of the within document(s):

**REPLY IN SUPPORT OF DEFENDANT SOUTHWEST AIRLINES CO.'S MOTION TO DISMISS PLAINTIFF MATTHEW MCKINLEY'S FIRST AMENDED COMPLAINT UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(B)(1) AND 12(B)(6)**

X   **ELECTRONICALLY:** I caused a true and correct copy thereof to be electronically filed using the Court's Electronic Court Filing ("ECF") System and service was completed by electronic means by transmittal of a Notice of Electronic Filing on the registered participants of the ECF System. I served those parties who are not registered participants of the ECF System as indicated below.

Larry W. Lee, Esq.
Nicholas Rosenthal, Esq.
Diversity Law Group APC
550 South Hope Street, Suite 2655
Los Angeles, CA 90071
Telephone: (213) 488-6555
Facsimile: (213) 488-6554
Email: lwlee@diversitylaw.com
  nrosenthal@diversitylaw.com

Dennis S. Hyun, Esq.
Hyun Legal APC
550 South Hope Street, Suite 2655
Los Angeles, CA 90071
Telephone: (213) 488-6555
Facsimile   (213) 488-6554
Email:   dhyun@hyunlegal.com

Attorneys for Plaintiff MATTHEW MCKINLEY

Edward W. Choi, Esq.
Law Offices of Choi and Associates PC
3435 Wilshire Boulevard, Suite 2400
Los Angeles, CA 90010
Telephone: (213) 381-1515
Facsimile: (213) 233-4409
Email:   edward.choi@calaw.biz

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on May 4, 2015, at Los Angeles, California.

_____
Anne Moreno